■ The People of the State of New York, Respondent, v Lawrence Fuller, Appellant. [620 NYS2d 391] —Judgment, Supreme Court, New York County (Joan Carey, J.), rendered February 25, 1992, convicting defendant, after jury trial, of robbery in the first degree, and sentencing him to a term of 2 to 6 years, unanimously affirmed.

The evidence that defendant committed an armed robbery of an undercover narcotics officer was clearly sufficient. Defendant concedes that his trial strategy was to create "a credibility contest" between himself and the officer, and the jury's determinations of fact and credibility, supported by the record, will not be disturbed by this Court (People v Siu Wah Tse, 91 AD2d 350, 352, lv denied 59 NY2d 679).

Defendant's current claims that certain of the prosecutor's questions posed to him during cross-examination were improper are not preserved by objection (CPL 470.05). Were we to review in the interest of justice, we would find defendant's current claims of prejudice to be meritless.

Defendant's current claims of prosecutorial misconduct in summation are for the most part unpreserved by objection

(CPL 470.05). In any event, when viewed in the context of the defense summation, the comments in question constituted appropriate response *(People v Marks,* 6 NY2d 67, *cert denied* 362 US 912). In all other respects, the prosecutor's summation remarks constituted fair comment on the evidence, presented within the broad bounds of rhetorical comment permissible in closing argument *(People v Galloway,* 54 NY2d 396). Concur—Murphy, P. J., Sullivan, Wallach, Nardelli and Tom, JJ.