■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT GILLMAN, Also Known as RONALD GREEN, Appellant. [631 NYS2d 337] —Judgment, Supreme Court, Bronx County

(Joseph Mazur, J., at *Mapp* hearing, trial, and sentence; Frank Diaz, J., on omnibus motion), rendered March 26, 1993, convicting defendant, after a jury trial, of robbery in the first degree, criminal possession of a weapon in the fourth degree, and criminal possession of stolen property in the fifth degree, and sentencing him to concurrent terms of 5 to 15 years, 2 to 6 years, and 1 to 3 years, respectively, unanimously affirmed.

The motion court did not err in summarily denying defendant's motion for a *Wade* hearing, where the complainant was already in pursuit of defendant when police accompaniment became available, and she identified defendant a short distance away (*see, People v Dixon*, 85 NY2d 218, 223, citing *People v Rios*, 156 AD2d 397). Nor is there merit to defendant's largely unpreserved claim that the prosecutor shifted the burden of proof by his questioning of defendant's alibi witness and comments during summation, which constituted proper impeachment of the alibi witness and comment thereon (*see, People v Tankleff*, 84 NY2d 992, 994; *People v Fuller*, 211 AD2d 468, *lv denied* 85 NY2d 862). In any event, in view of the overwhelming evidence of guilt, the prosecutor's remarks, if at all improper, were harmless (*see, People v Morgan*, 66 NY2d 255, 259). We also reject defendant's contention that he was denied a fair trial by the arresting officer's singular and inadvertent reference to him by another name in contravention of the court's prior ruling that defendant should be referred to only as Ronald Green, the court having promptly corrected the officer and later instructed the jury not to engage in any speculation (*see, People v Perez*, 203 AD2d 123, 124, *lv denied* 83 NY2d 970, citing *People v Davis*, 58 NY2d 1102, 1104). Concur—Sullivan, J. P., Rubin, Kupferman, Asch and Nardelli, JJ.