■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS IRIZARRY, Appellant. [636 NYS2d 761] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered July 15, 1993, convicting defendant, after a jury trial, of criminally negligent homicide and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years and $3^1/2$ to 7 years, respectively, unanimously affirmed.

Defendant's challenges to the prosecutor's summation are for the most part unpreserved (*People v Fuller*, 211 AD2d 468, *lv denied* 85 NY2d 862), and we decline to review the unpreserved claims in the interest of justice. In light of the overwhelming evidence and the court's prompt curative instructions, as to which defense counsel did not object or seek any further instruction, defendant was not denied a fair trial by the prosecutor's improper "safe streets" comment (*People v Smith*, 188 AD2d 359, *lv denied* 81 NY2d 794). If we were to review the unpreserved claims, we would find that they were directly responsive to counsel's attack on the credibility of the prosecutor and the police and civilian witnesses, as well as to the wholly speculative assertion that an eyewitness who did not testify at trial had gone to the precinct shortly after the incident and failed to identify defendant as the shooter (*People v Guerrero*, 217 AD2d 411).

The record reveals that defendant received meaningful representation at trial. Counsel obtained an acquittal on two of the charges, including the second degree murder count.

Defendant's complaint about the court's response to the jury's note concerning whether the defense or the prosecution

could have subpoenaed a missing witness is unpreserved (*People v Vasquez*, 216 AD2d 21, *lv denied* 86 NY2d 804), and we decline to review it in the interest of justice. If we were to review it, we would find that the court's supplemental instructions were responsive to the jury's concerns.

Defendant's challenge to the sufficiency of the evidence is unpreserved for review (*People v Gray*, 86 NY2d 10) and, in any event, without merit. Upon an independent review of the facts, we find that the verdict was not against the weight of the evidence. Concur—Murphy, P. J., Sullivan, Kupferman, Ross and Williams, JJ.