■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAADI SHOUKRON, Appellant. [651 NYS2d 883] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered March 30, 1995, convicting him of arson in the second degree, reckless endangerment in the first degree, assault in the second degree, and criminal mischief in the second degree (five counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the Supreme Court properly allowed the identification testimony. The notice pursuant to CPL 710.30, along with the documents furnished to the defendant at his arraignment in Supreme Court, provided him with adequate notice of the identification testimony to be offered at trial *(see, People v Ocasio,* 183 AD2d 921). We find no merit to the defendant's claim that the initial notice, which was served at his arraignment in Criminal Court, was untimely *(cf., People v Penasso,* 142 AD2d 691). Such an interpretation of the 15-day limitation provision of CPL 710.30 (2) would contradict the statute's purpose of ensuring swift and efficient determination of pretrial motions *(see, People v White,* 73 NY2d 468, 474, n 1; *People v O'Doherty,* 70 NY2d 479, 488).

Moreover, the Supreme Court correctly denied suppression of testimony relevant to the identification of the defendant by a witness who flagged down a police car and directed the officers to the defendant, inasmuch as no police arranged identification procedure occurred *(see, People v Burgos,* 219 AD2d 504; *People v Gillman,* 219 AD2d 505).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was

legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Rosenblatt, J. P., Sullivan, Copertino and Joy, JJ., concur.