■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO NINA, Appellant. [737 NYS2d 612] —Judgment, Supreme Court, New York County (Herbert Adlerberg and John Bradley, JJ., on speedy trial motions; Ira Beal, J., at speedy trial hearing, jury trial and sentence), rendered October 5, 1999, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Defendant's speedy trial motion was properly denied. The motion turns on the effectiveness of the People's certificate of readiness, which was the subject of a thorough hearing. The record establishes that the People properly filed their certificate of readiness, effective January 8, 1999, and properly sent it to defense counsel, thereby stopping the clock for CPL 30.30 purposes (see, People v Kendzia, 64 NY2d 331, 337). On January 7, 1999, the prosecutor specifically informed defense counsel that he would be filing the certificate the next day. The prosecutor then filed the certificate and mailed notice to defense counsel at the address which defense counsel had used on his own motion papers. Although the notice failed to reach defense counsel, this was due to defense counsel's providing a confusing address in those papers. "In the absence of proof that the readiness statement did not accurately reflect the People's position or that the mailing was made in bad faith, the People discharged their duty under CPL 30.30" (People v Carter, 91 NY2d 795, 799). Furthermore, the trial court found that the defense here received actual notice of the filing through the prosecutor's telephone conversation with defense counsel on January 7, 1999. Concur—Andrias, J.P., Saxe, Sullivan, Rosenberger and Friedman, JJ.