■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RODNEY PIERRE, Respondent. [779 NYS2d 195]—

Order, Supreme Court, New York County (Bonnie Wittner, J.), entered on or about February 27, 2003, which granted defendant's motion to dismiss the indictment pursuant to CPL 30.30, unanimously reversed, on the law, the motion denied, the indictment reinstated and the matter remitted to Supreme Court for further proceedings.

CPL 30.30 requires dismissal of a felony indictment where the People are not ready for trial within six months of the commencement of the criminal action. Here, the six-month period commenced on May 11, 2001, when the felony complaint was filed, and the People had 184 days, absent excludable delay, to be ready for trial (CPL 30.30 [4]).

In granting defendant's speedy trial motion, the court found that 214 days were chargeable to the People. We agree with the People that at least 35 of these days should not have been charged to them.

On November 4, 2002, the People announced that they were not ready, and requested November 14, 2002, but the court set a trial date of December 2, 2002. The motion court charged 28 days to the People for this period. This was error since the People had declared readiness for trial on October 25, 2002, and thus should only have been charged with the 10 days of postreadiness delay that they actually requested (*People v Anderson*, 66 NY2d 529, 536 [1985]).

On December 2, 2002, the People requested December 5, 2002, but defense counsel stated that he could not begin the trial on that date, and the court adjourned the matter to December 12, 2002. Although the People should only have been charged with the three-day adjournment they actually requested, the motion court incorrectly charged them with 10 days during this period.

As defendant concedes, the motion court made an apparent clerical error with regard to the period from January 15 to January 28, 2003, in which it charged the People with 23 days when it actually intended to charge only 13 days.

Subtracting the total of these erroneously charged days (35) reduces the amount of delay chargeable to the People to 179 days, which is within the statutory period. We therefore need not reach the People's additional claims. We have considered and rejected defendant's other arguments. Concur—Nardelli, J.P., Saxe, Williams, Friedman and Sweeny, JJ.