■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENDELL VAUGHN, Appellant. [831 NYS2d 27]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J., on speedy trial motion; Eduardo Padro, J., at jury trial

and sentence), rendered March 22, 2004, convicting defendant of assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 years and $3^1/2$ to 7 years, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). There was ample evidence establishing defendant's accessorial liability with respect to both crimes of which he was convicted. Defendant was described as a "boss" in a well-organized gang, of which his accomplices were subordinate members. Defendant orchestrated and led a planned attack for the purpose of retaliation, gave his subordinates an instruction that was open-ended with respect to how the victim was to be assaulted, and remained throughout the assault.

With respect to the conviction for assault in the second degree, there was credible evidence that one of the dangerous instruments used in the assault, a small bat, was actually handed to one of the assailants by defendant, just before defendant gave the order for the attack to begin. However, even accepting other testimony that defendant had actually tossed the bat aside, and regardless of whether defendant was actually aware, prior to the attack, that his subordinates would also use a pipe, the attack continued for a period of time during which a number of blows were struck with both the pipe and bat. Defendant was evidently aware at this time that these dangerous instruments were in use, but he continued his participation by not stopping the assault, despite clearly being in charge (*see Matter of Juan J.*, 81 NY2d 739, 741 [1992]).

For the same reason, the evidence also supported defendant's conviction for possession of a weapon in the third degree, on an acting in concert theory (*see Matter of Kadeem W.*, 5 NY3d 864 [2005]). Additionally, there was evidence to support the court's charge on constructive possession, in that defendant clearly exercised dominion and control over the persons who possessed the pipe and bat (*see People v Carvajal*, 6 NY3d 305, 314 [2005]; *People v Manini*, 79 NY2d 561, 572-575 [1992]). Defendant's objection to the court's constructive possession charge is unpreserved, as defendant did not make the same argument at trial as he makes now (*see People v Gray*, 86 NY2d 10, 18-19 [1995]), and we decline to reach it in the interest of justice. Were we to reach this claim, we would reject it, as there was evidence to support such a charge. Defendant's objection to the

court's reply to a jury note is similarly unpreserved, and we decline to reach it in the interest of justice. Were we to reach it, we would find that the court gave a meaningful response (*see People v Malloy*, 55 NY2d 296, 301-302 [1982], *cert denied* 459 US 847 [1982]).

The court properly denied defendant's request to charge the lesser included offense of assault in the third degree, since defendant was either guilty of second-degree assault under a theory of causing physical injury by means of a dangerous instrument (Penal Law § 120.05 [2]), or nothing. There was no reasonable view of the evidence, viewed most favorably to defendant, to support the conclusion that defendant was unaware of the dangerous instruments being used during the attack or lacked the intent that his subordinates use them to assault the victim (*see Matter of Juan J.*, 81 NY2d 739 [1992], *supra*). Defendant's reliance on *People v Hanley* (227 AD2d 144 [1996]) is misplaced because, in that case, there is no indication that the defendant became aware of the weapon during the attack and supported its continued use thereafter.

The motion court properly denied defendant's speedy trial motion. The court properly excluded the period from May 6 to May 16, 2003, in that the People had declared their readiness on May 6. Although the notice of readiness was sent to the former address of defendant's counsel, counsel himself conceded that there was no bad faith, and there is no evidence that the statement of readiness did not accurately reflect the People's position (*see People v Carter*, 91 NY2d 795, 799 [1998]; *People v Nina*, 291 AD2d 294 [2002], *lv denied* 98 NY2d 679 [2002]). However, the court improperly excluded the time from June 13 to July 11, 2003 on the ground of consent. The transcript of June 13 does not show any consent by the defense (*see People v Liotta*, 79 NY2d 841 [1992]). Nevertheless, given that this was a postreadiness adjournment, the People should only be charged with the delay they actually caused (*see People v Anderson*, 66 NY2d 529, 536 [1985]; *People v Pierre*, 8 AD3d 201 [2004], *lv denied* 3 NY3d 710 [2004]). Here, since the People's request for time could have been satisfied with a two-week adjournment, they should be charged with 14 additional days. However, even adding these 14 days to the uncontested 159 days found by the court to be includable, defendant's motion was still properly denied as the People did not exhaust the 182 days within which they were required to be ready. We have considered and rejected defendant's remaining arguments on the speedy trial issue. Concur—Sullivan, J.P., Williams, Sweeny, Catterson and Malone, JJ.