People v Louis (2026 NY Slip Op 50381(U))

[*1]

People v Louis

2026 NY Slip Op 50381(U) [88 Misc 3d 1239(A)]

Decided on March 24, 2026

Criminal Court Of The City Of New York, New York County

Shamahs, J.

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 24, 2026
Criminal Court of the City of New York, New York County

The People of the
State of New York, Plaintiff,

againstRalph Louis, Defendant.

CR-19866-25NY

For Defendant: Twyla Carter, The Legal Aid Society (Dionysia Quizon, Esq. of
Counsel)For the People: Alvin Bragg, New York County District Attorney's Office
(Caitlin O'Connell, Esq. of Counsel)

Elizabeth Y. Shamahs, J.

On June 19, 2025, at approximately 4:15 PM, defendant, Ralph Louis, ordered and
consumed food and drinks at Hurley's Restaurant & Bar, New York, New York, amounting
to a total bill of $89.28, which defendant did not pay for. Defendant did not have permission or
authority to order and consume food and drinks without paying. The following day, on June 20,
2025, at approximately 2:52 PM, defendant returned to the restaurant and broke several potted
plants causing approximately five-hundred dollars ($500) worth of damage, without permission
or authority to do so. The restaurant owner called 911 and officers from the New York City
Police Department (NYPD) responded. Defendant also made admissions to police officers.
For these acts, defendant was arrested and charged in New York County Criminal Court with
two counts of Criminal Mischief in the Fourth Degree (Penal Law [PL] §§ 145.00[1],
[3]), and one count of Theft of Services (PL § 165.15[2]).
Defendant was arraigned before the Honorable Jay L. Weiner, on June 21, 2025. The case
was adjourned to Part C for supporting deposition on August 13, 2025. Defendant was
represented by Mr. Eric Williams of the Legal Aid Society (LAS).
On August 13, 2025, Ms. Dionysia Quizon of LAS appeared in court for defendant,
informing the parties that she was taking the case over from Mr. Williams. The People were not
ready for trial but filed and served a supporting deposition. The court deemed the criminal court
complaint an information and the case was adjourned to October 6, 2025, for trial and for the
People to file a Certificate of Compliance (COC) and Statement of Readiness (SOR).
On August 14, 2025, the prosecutor shared initial discovery via eDiscovery, a platform
accessible to all LAS attorneys, to the attention of Mr. Williams.
On August 25, 2025, Ms. Quizon filed a Notice of Appearance off-calendar with the court
via the Electronic Document Delivery System (EDDS).
On September 5, 2025, the People filed a COC and SOR off-calendar with the court and
defense counsel, Mr. Williams, after obtaining and disclosing discovery with Mr. Williams. The
assigned prosecutor had obtained discovery by reaching out to coordinate with the many different
departments and liaisons within the New York County District Attorney's Office established to
streamline communication and effectuate obtaining discovery from law enforcement agencies,
such as a Body Worn Camera (BWC) Unit, a Law Enforcement Disclosure (LED) Unit, and a
Litigation Support Unit (LSU). From agencies, the People obtained and disclosed approximately
one-hundred (100) files with defense counsel. These disclosures consisted of New York City
Police Department (NYPD) paperwork, DA paperwork, photographs, prisoner movement slip,
prisoner holding pen roster, BWC videos, 911 calls, radio runs, civilian witness contact
information, law enforcement witness information including NYPD Internal Affairs Bureau
(IAB) paperwork and Civilian Complaint Review Board (CCRB) paperwork, miscellaneous
items, and more.
At the October 6, 2025 calendar call, Ms. Quizon appeared for defendant. The People
maintained their readiness for trial, informing the court and counsel that a COC/SOR had been
filed and served as of September 5, 2025. Ms. Quizon inquired as to the method of service and
the People forwarded the emails originally sent to Mr. Williams, containing the People's
COC/SOR. The People also shared discovery via the eDiscovery platform to Ms. Quizon's
attention. Ms. Quizon then asked for the instant motion schedule, which this Court granted.
Now, in papers dated October 27, 2025, defendant, through counsel, moves this Court for an
Order deeming the People's COC/SOR invalid and illusory, on the ground that he has been
denied a speedy trial. Specifically, defendant contends that because People's SOR had been
served on Mr. Williams, rather than Ms. Quizon, that the September 5, 2025 SOR was
ineffective to stop the speedy trial clock. Defendant argues that, consequently, the People are
attributable with more than the 90 chargeable days allowable to them, and that the case must be
dismissed pursuant to speedy trial. Defendant also contends that the People's COC was invalid as
the People failed to supply witness information and trial designation.
Defendant also moves this Court, in an omnibus motion, to suppress evidence, for a
voluntariness hearing, for preclusion, for a Sandoval hearing, for bifurcation, for further
motions, and for any other relief the Court deem just and proper.
The People oppose in papers dated November 12, 2025. The People argue that the September
5, 2025 service of the COC/SOR was effective and valid as it was served on the same agency,
LAS. The People further contend that defendant's motion as to the validity of the COC should be
denied as waived for failing to conform to procedural requirements, but the COC was
nevertheless valid, filed in good faith after exercising due diligence. The People additionally
oppose defendant's omnibus motion.
After a thorough review of the parties' moving papers, along with the annexed exhibits
therein, the court file, and the court minutes, the Court's Opinion is as follows:SPEEDY TRIALDefendant moves this Court to dismiss this
action on the basis that he has been denied his right to a speedy trial, claiming that the People
have exceeded their statutory speedy trial allowances under Criminal Procedure Law (CPL)
§ 30.30. He argues that the People are attributable with well over their 90 day limit, with
107 chargeable days, because the People's [*2]September
5, 2025 COC/SOR was served upon the wrong attorney. Defendant argues that the People's
service error was unreasonable and ineffective as current counsel filed a Notice of Appearance
and made court appearances putting the People on notice of the representation before the People
attempted to serve their COC/SOR. Defendant argues that he therefore did not promptly receive
notice of the People's SOR on September 5, 2025, and that the People's SOR was accordingly not
in effect until actually received by current counsel on October 6, 2025, 31 days later. Defendant
relies on People v Telemaque, 43
Misc 3d 138(A) (App Term, 2d Dept 2014) (statement of readiness served on original
counsel ineffective to toll speedy trial period where People present in court when private counsel
announced that he had been retained and filed a notice of appearance) and People v Calvin Y., 86 Misc 3d
1270(A) (Crim Ct NY Co 2025) (Coleman, J) (statement of readiness filed on attorney who
appeared on actual counsel's behalf when actual counsel filed notice of appearance and made
appearances not reasonable and 13 day delay not prompt notification) to support his
arguments.
The People oppose, contending that they have not exceeded their statutory allowances and
are within their 90-day window, with only 76 chargeable days. The People argue that the
September 5, 2025 COC/SOR was validly served on defense counsel because Mr. Williams and
Ms. Quizon are both assigned to the same institutional agency, LAS. Thus, the only issue the
Court must decide, here, is the validity of service.
To prevail on a motion to dismiss under CPL §30.30 (1)(a), a defendant must present
sworn allegations of fact establishing an unexcused delay that exceeds the statutory limit. People v Allard, 28 NY3d 41
(2016); People v Cortes, 80 NY2d 201, 215-216 (1992); People v Santos, 68
NY2d 859, 861 (1986); People v Lomax, 50 NY2d 351, 357 (1980). At a minimum, the
defendant must claim that the People failed to announce their readiness for trial within the
statutorily prescribed period to meet their initial burden. People v Beasley, 16 NY3d 289, 292 (2011); People v Allard, 28 NY3d 41 41
(2016); People v Luperon, 85 NY2d 71 (1995). Once the defendant has asserted that
more than the statutorily prescribed time period has elapsed since the commencement of a
criminal action without a valid declaration of readiness from the People, the People bear the
burden of establishing sufficient excludable delay. People v Berkowitz, 50 NY2d 333
(1980).
Pursuant to CPL §30.30(1)(b), the People must be ready for trial within "ninety days of
the commencement of the criminal action" where a defendant is charged with "a misdemeanor
punishable by a sentence of imprisonment of more than three months " See CPL
§30.30(1)(b). Here, the criminal action commenced, on a misdemeanor with a sentence of
imprisonment of more than three months, on June 21, 2025, where the accusatory instrument was
filed and defendant arraigned the same day, so speedy trial began to run the same day with an
allowable ninety-days.
At all times until the People announce that they are ready for trial, the People are chargeable
with the time that elapses unless they can show that the specific delay is not chargeable to them
pursuant to an exception enumerated in the statute. CPL §§ 30.30(1), (4); People v Torres, 205 AD3d 524,
525-26 (1st Dept 2022). Moreover, under the newly enacted discovery laws defined in CPL
Article 245, the People's valid compliance with their discovery obligations is now a prerequisite
to asserting trial readiness. See CPL §§ 245.50(3); 30.30(5). Once the People
have met this statutory predicate by filing a proper COC, an accompanying statement of
readiness is "presumed truthful and accurate and that a defendant who challenges such a
statement must demonstrate that it is illusory" People v Brown, 28 NY3d 392 (2016). [*3]Thus, "[i]n the absence of proof that [a] readiness statement did not
accurately reflect the People's position ..., the People [have] discharged their duty under CPL
30.30" People v Carter, 91 NY2d 795 (1998).
A valid statement of readiness requires "either a statement of readiness by the prosecutor in
open court, transcribed by a stenographer, or recorded by the clerk or a written notice of
readiness sent by the prosecutor to both defense counsel and the appropriate court clerk, to be
placed in the original record." People v Kendzia, 64 NY2d 331, 337 (1985). When the
People file an off-calendar statement of readiness, they must also promptly notify the defense
(Kendzia, 64 NY2d at 337; People v Anderson, 252 AD2d 399, 400 [1st Dept
1998]). While what constitutes prompt notification may vary (e.g., People v Collins, 186
Misc 2d 818, 821 [Crim Ct, Richmond County 2000] [five day delay not prompt]; People v. Bloodworth, 173 AD3d
1838, 1840 [4th Dep't 2019] [17 days not prompt]), if the People do not promptly notify the
defense, the statement of readiness is not effective until the defense receives actual notice of their
statement. People v Bonilla, 94
AD3d 633, 634 [2d Dept 2012]).
But service of a statement of readiness incorrectly served to the wrong attorney or address
will not always implicate the prompt/actual notification rule. In such an instance, the statement of
readiness is still effective despite incorrect service on a defense attorney if the People' actions
were made in good faith and reasonable under the circumstances. See People v McClure, 80 Misc 3d
238, 241 (Crim Ct Bronx Co 2023) (citing Kendzia, supra) ("[i]t is the filing of the
statement, not service, that is critical, and all that is required is 'prompt' notice to defense
counsel"). For instance, in People v
Telemaque, 43 Misc 3d 138(A) (App Term, 2d Dept 2014), the case defendant relies
upon, the prosecution's statement of readiness was ineffective because it was unreasonable for
the People to have served their statement of readiness on defendant's former counsel, a LAS
attorney, when private counsel filed a notice of appearance and made court appearances.
Whereas, in cases such as People v
Vaughn, 36 AD3d 434 (1st Dept 2007) and People v Nina, 291 AD2d 294 (1st
Dept 2002), it was reasonable for the People to have mailed their statements of readiness to
defense counsel's former address. Similarly, a statement of readiness sent to the wrong attorney
of the same institution is both reasonable and effective, if made in good faith. People v Osorio, 39 AD3d 400
(1st Dept 2007) (statement of readiness effective when sent to LAS attorney who formerly
represented defendant when current attorney was also of LAS). Indeed, "institutional defenders
are responsible for routing documents that the prosecution serves on their office to the individual
defense attorneys they assign on a case". People v Aucanzhala, 2024 NY Slip Op
51737(U) (Crim Ct, Queens Co 2024). So too, here, it is legally irrelevant that the People served
their COC/SOR on former counsel when both former and current counsel work for the same
institutional defender, LAS, and there is no contention that the People's actions were made in bad
faith. Therefore, the People's SOR was validly served on counsel and effective to toll the speedy
trial period.
Accordingly, for the reasons set forth, the People are chargeable with 76 days, well
within their statutory window. Defendant's motion is denied as meritless.
CERTIFICATE OF COMPLIANCE
Defendant moves this Court to invalidate the People's COC on the basis that he was not
provided discovery because the People served discovery on defendant's former counsel from the
same organization. Defendant also contends that while the People supplied him with witness
contact information, that counsel was never given access to the program, WitCom, that would
[*4]allow for communication. Defendant further takes issue with
the witness and trial designation list that the People provided. The People oppose, arguing that
defendant's motion should be denied as it fails to conform with the procedural requirements
noted in CPL 245.50(4). The People additionally request clarification as to the substantive nature
of defendant's claims, noting that defendant never informed them of any WitCom issue but are
trying it again nevertheless, and that they are unsure as to what defendant specifically takes issue
with regarding their witness list. The People argue that, in any event, their COC was valid, filed
in good faith after exercising due diligence, and defendant's motion should be denied.
As recently amended, effective August 7, 2025, Criminal Procedure Law (CPL) article 245
requires the People to disclose to a defendant "material and information in the possession,
custody or control of the prosecution or under the prosecution's direction and control," and
provides a non-exhaustive list of materials subject to "automatic" disclosure. CPL §
245.20(1). Under CPL § 245.20(2), the People are required to "make a diligent, good faith
effort to ascertain the existence of material or information discoverable under [CPL §
245.20(1)] and to cause such material or information to be made available for discovery where it
exists but is not within the prosecutor's possession, custody or control." The People are not
required, however, "to obtain material or information if it may be obtained with the use of a
subpoena duces tecum where the defense is able to obtain the same material with the use of a
subpoena duces tecum." CPL § 245.20(2).
The People must also certify their discovery compliance in writing by filing a COC.
Importantly, the People may file their COC even if they have not yet disclosed all automatically
discoverable items provided that they have "exercised due diligence and acted in good faith in
making reasonable inquiries and efforts to obtain and provide the discovery required by [CPL
§ 245.20(1)]." CPL§ 245.50(1). The COC must "state that, after exercising due
diligence and making reasonable inquiries and efforts to ascertain the existence of, obtain, and
disclose material and information subject to discovery, the prosecution has disclosed and made
available all known material and information it has obtained subject to discovery." CPL §
245.50(1). The COC must also identify "the items provided" and "the items that the prosecution
is required to disclose and of which the prosecution is aware but has been unable to obtain
despite the exercise of due diligence as evaluated under this section." CPL § 245.50(1). If
the People provide additional discovery in connection with their ongoing obligations outlined in
CPL § 245.60, they must file "a supplemental certificate" that "identif[ies] the additional
material and information provided." CPL §245.50(1). A SCOC will not impact the validity
of the original COC if filed in good faith and after exercising due diligence or when the
additional discovery did not exist when the initial COC was filed. CPL §245.50(1-a).
Once the People file a COC, a defendant must notify the People of any potential deficiencies
in the COC by making "good faith efforts to confer with the [prosecution] regarding the specific
and particularized matters" regarding the allegedly missing discovery. Then, if "no
accommodation can be reached," the defense may file a motion to invalidate the People's COC
provided that: (1) they do so within thirty-five days of the service of the People's COC; and (2)
they file an accompanying affirmation of conferral stating that the defense "conferred in good
faith or timely made good faith efforts to confer with the [prosecution] regarding the specific and
particularized matters forming the basis for such challenge, that efforts to obtain the missing
discovery from the [prosecution] or otherwise resolve the issues raised were unsuccessful, and
that no accommodation could be reached." CPL § 245.50(4)(b)-(c). Significantly, the statute
[*5]further specifies that "the court may grant a remedy or
sanction for a discovery violation as provided in [CPL § 245.80]." CPL § 245.50(1).
Any such remedy or sanction must be "appropriate and proportionate to the prejudice suffered by
the party entitled to disclosure." CPL §245.80(1).
To determine the validity of the People's COC, a reviewing court must assess the People's
due diligence. As the Court of Appeals held in People v Bay, 41 NY3d 200 (2023), due diligence is a "flexible
standard that requires the People to make reasonable efforts to comply with statutory directives."
Bay, 41 NY3d at 211 (internal quotation marks omitted). "Reasonableness, then, is the
touchstone—a concept confirmed by the statutory directive to make 'reasonable inquiries.'"
Id. at 211-12. Moreover, the Court recognized that, "[a]lthough the relevant factors for
assessing due diligence may vary from case to case, courts should generally consider, among
other things:" (1) "the efforts made by the prosecution and the prosecutor's office to comply with
the statutory requirements;" (2) "the volume of discovery provided and outstanding;" (3) "the
complexity of the case;" (4) "how obvious any missing material would likely have been to a
prosecutor exercising due diligence;" (5) "the explanation for any discovery lapse;" and (6) "the
People's response when apprised of any missing discovery." Id. at 212. These six factors
are now part of the statutory due-diligence analysis under CPL § 245.50(5)(a). This section
also requires courts to consider whether: (1) "the belated discovery was substantively duplicative,
insignificant, or easily remedied;" (2) "the omission was corrected;" (3) "the prosecution
self-reported the error and took prompt remedial action without court intervention;" and (4)
"whether the prosecution's delayed disclosure of discovery was prejudicial to the defense or
otherwise impeded the defense's ability to effectively investigate the case or prepare for trial."
CPL § 245.50(5)(a). A reviewing court must "look at the totality of the party's efforts to
comply with the provisions of [article 245], rather than assess the party's efforts item by item."
CPL § 245.50(5). The statute further directs that "[t]he court's determination shall be based
on consideration of all factors listed in [CPL § 245.50(5)(a)] and no one factor shall be
determinative." CPL § 245.50(5)(b).
Indeed, the Bay decision made clear that, in assessing the validity of a COC, the
reviewing court should engage in a "holistic assessment of the People's efforts to comply with the
automatic discovery provisions, rather than a strict item-by-item test that would require [a court]
to conclude that a COC is improper if the People miss even one item of discovery." People v Cooperman, 225 AD3d
1216, 1220 (4th Dept 2024); see
also People v Williams, 224 AD3d 998, 1006-07 (3d Dept 2024) (People's COC was
valid even though three discoverable items had not been disclosed where People provided
"extensive" discovery before filing COC, identified missing items when they filed the COC, and
acknowledged their duty to provide missing items upon receipt). Notably, "[a]rticle 245 is not
intended for use as a 'sword,' whereby [ADAs] are expected to run themselves ragged in at times
futile or near-futile attempts to procure material in which defense counsel has no substantive
interest beyond exhausting the People's statutory speedy trial time or hoping that the People, in
frustration, opt to abandon the prosecution." People v Barrios, 82 Misc 3d 606, 613 (Crim Ct Bronx Co 2024);
see also People v Thompson, 79
Misc 3d 1220(A), *2 (Crim Ct Kings Co 2023) (article 245 "does not require the impossible;
it does not demand that every scrap of discoverable information be turned over before the People
may file a [COC]") (internal quotation marks omitted).
Furthermore, certain delays or discovery issues should not invalidate a COC that was made
in good faith, after the exercise of due diligence and efforts made by the prosecution to [*6]comply with statutory obligations. Bay at 210-213. If the
delay is a result of oversights in the production of material, delayed discovery of the existence of
certain items, a good faith position that the material in question was not discoverable, or
voluminous files, the Bay decision clearly posits that a court should apply a "holistic
assessment" of the efforts made by the People to comply with their discovery obligations when
evaluating the validity of a COC. Id. Moreover, several courts have found that certain
delays or discovery issues should not invalidate a COC that was made in good faith, after the
exercise of due diligence, and where, for example, the delay was a result of oversights in the
production of material, delayed discovery of the existence of certain items, voluminous
discovery, non-existent items, or material unrelated to the case. People v Cano, 71 Misc 3d 728
(Sup Ct, Queens County 2020); People v
Lustig, 68 Misc 3d 234 (Sup Ct, Queens County 2020) (Zayas, J)(court found the
People's certificate of compliance to be valid, since it was clearly filed in good faith under CPL
§ 245.50(1) and, therefore, no adverse consequence to the prosecution should result from
the fact that the certificate was filed prior to the disclosure of the database search results).
As an initial matter, here, this Court declines to entertain defendant's claims finding that they
were validly waived. As noted above, under the recent amendments, a defendant must notify the
People of any potential deficiencies in the COC, and is required to confer in good faith regarding
the "specific and particularized matters forming the basis" of their COC challenge. CPL §
245.50(4)(c). Only then, if "no accommodation can be reached," may the defense file a motion to
invalidate the People's COC. CPL§ 245.50(5). The People assert, and this Court accepts,
that defense counsel did not reach out to the People to address any qualms as to WitCom or any
other witness list issues. This Court further accepts the People's assertion that they have since
attempted to rectify the issue by re-adding the witness to the application. This Court further finds,
as the People point out, that defendant does not raise a specific factual issue with respect to the
witness list and designations. Accordingly, because defendant failed to provide the People with
"the specific and particularized" basis of his COC challenge, and therefore, failed to properly and
meaningful confer with the People to try to resolve all issues before resorting to motion practice,
defendant has waived the right to challenge the People's COC.
In any event, defendant's motion is without merit. Defendant's claim asserting that he was not
supplied with discovery on the basis that former counsel was served is denied for the reasons
discussed above. Additionally, a thorough "holistic assessment" of the moving papers, court file,
and COC demonstrates that the People obtained and disclosed approximately one hundred (100)
files with defense counsel. These disclosures consisted of New York City Police Department
(NYPD) paperwork, DA paperwork, photographs, prisoner movement slip, prisoner holding pen
roster, BWC videos, 911 calls, radio runs, civilian witness contact information, law enforcement
witness information including NYPD Internal Affairs Bureau (IAB) paperwork and Civilian
Complaint Review Board (CCRB) paperwork, miscellaneous items, and more, demonstrating
good faith and due diligence. In addition, the New York County District Attorney's Office has
made considerable and laudable efforts to facilitate discovery compliance, such as a creating
BWC, LED, and LSU units and assigning paralegals and support staff to obtain discovery. And
contrary to defendant's contention, "[t]he creation of these additional units and allocation of
resources to generally address their discovery obligations under CPL Article 245 support a
finding of due diligence on the part of the [New York] County District Attorney's Office in
fulfillment of their discovery obligation in this case." People v Antunez, 86 Misc 3d 1265(A), *5 [*7](Sup Ct Queens Co 2025) (Yavinsky, J). Taken together, this all
demonstrates that the People's initial COC, made in good faith and after exercising due diligence,
was valid and defendant is not prejudiced in any way. Accordingly, defendant's motion is
denied.
PHYSICAL EVIDENCE
Defendant's motion for the suppression of physical evidence as the fruit of an illegal arrest
made without probable cause, or for a Dunaway/Mapp hearing alternatively, is
denied.
A combined Dunaway/Mapp hearing tests an alleged violation of the Fourth
Amendment to determine whether physical evidence recovered from defendant, such as a weapon
or contraband, should be suppressed as the fruit of an unlawful seizure. A motion to suppress
evidence as the fruit of an unlawful arrest, or for a Dunaway hearing alternatively, must
be made in accordance with CPL § 710.60. Pursuant to CPL § 710.60, a defendant
must state the legal ground for the motion and must also make sworn allegations of fact
supporting the motion. See People v Mendoza, 82 NY2d 415 (1993); People v
Smythe, 210 AD2d 887 (1997). A motion to suppress evidence as the product of an illegal
arrest can be denied without a hearing when the motion lacks factual allegations to support the
conclusion that defendant was unlawfully seized. See People v Brunson, 226 AD2d 1093
(4d Dept 1996); People v Purcelle, 282 AD2d 824 (3d Dept 2001). Conclusory
allegations of an unlawful seizure can also result in summary denial of a suppression motion.
See People v Toxey, 220 AD2d 204 (1st Dept 1995); People v Lofton, 129 AD2d
970 (4d Dept 1987).
In assessing the sufficiency of the defendant's factual allegations, and whether the defendant
is entitled to a hearing, the Court of Appeals in People v Mendoza, 82 NY2d 415, 426
(1993) provided the following guidance: "[T]he sufficiency of defendant's factual allegations
should be evaluated by (1) the face of the pleadings, (2) assessed in conjunction with the context
of the motion, and (3) defendant's access to information." It must also be borne in mind that
"[h]earings are not automatic or generally available for the asking by boilerplate allegations."
Id. at 422; see also People v
Long, 36 AD3d 132, 133 (2006), aff'd. 8 NY3d 1014 (2007).
Here, defendant's moving papers fail to allege a factual basis for relief. Specifically,
defendant fails to identify any physical evidence recovered from him that would be the subject of
suppression or a Mapp hearing, and the People note that they do not intend to offer at trial
any physical evidence seized from defendant (People's Response). Defendant's papers also fail to
allege how and when defendant's Fourth Amendment rights were violated and how and when he
was illegally seized. Importantly, defendant does not factually dispute the allegations contained
in the complaint or any additional papers. Defendant likewise does not dispute that officers
responded to the scene following a 911 call or that defendant made admissions to the police.
Thus, defendant does not contest any of the facts giving rise to probable cause for defendant's
arrest. Accordingly, defendant's motion does not amount to sworn allegations of fact sufficient to
support any ground for suppression, nor does it create any factual issue warranting a hearing. See People v Burton, 6 NY3d 584,
587 (2006); People v Mendoza, 82 NY2d 415, 422 (1993).
Moreover, defendant was not arrested pursuant to any police-citizen encounter in the Fourth
Amendment context. Instead, defendant was arrested following the complainant calling 911 and
reporting the incident. The information previously supplied to police officers regarding the
complainant, an identified citizen, is presumed reliable. People v Boykin, 187 AD2d 661
(2d Dept 1992). See People v Burch,
59 AD3d 266 (1st Dept 2009) (summary denial appropriate where defendant failed to raise
legal basis for suppression and defendant fully aware that arrest [*8]based on citizen victim complaint). For all of these reasons,
defendant's motion is denied.
STATEMENT EVIDENCE
Defendant's motion seeking suppression of statements as the product of an unlawful arrest
and seizure, or a Dunaway/Huntley hearing in the alternative, is denied. A combined
Dunaway/Huntley hearing tests an alleged violation of the Fourth Amendment to
determine whether a post-arrest statement from defendant should be suppressed as the fruit of an
unlawful seizure. As noted above, a motion to suppress evidence as the fruit of an unlawful
seizure, or for a Dunaway hearing alternatively, must be made in accordance with CPL
§ 710.60. The motion must state the legal ground for the motion and must also make sworn
allegations of fact supporting the motion, which he has failed to do here, as noted supra.
See People v Mendoza, 82 NY2d 415 (1993); People v Smythe, 210 AD2d 887
(1997). Accordingly, for all the reasons stated above, defendant's motion for suppression, or for a
combined Dunaway/Huntley hearing is denied.
Defendant's motion seeking suppression, or a Huntley hearing in the alternative, to
test the voluntariness of defendant's statement is granted to the extent that a Huntley
hearing is ordered based upon the allegations contained in counsel's affirmation, entitling
him to such relief. CPL §710.60 (3); CPL §60.45). Defendant is not required to set
forth specific factual allegations of involuntariness in order to obtain a Huntley hearing.
Accordingly, a Huntley hearing is ordered as to the voluntariness of defendant's
statements.
IDENTIFICATION EVIDENCEDefendant motion
for suppression, or Dunaway/Wade hearings in the alternative, of any noticed
identification procedure that the People intend to introduce at trial on the ground that it was the
tainted fruit of an unlawful arrest and on the ground that the procedures were unduly suggestive
is denied. Again, defendant's papers fail to factually demonstrate how and when defendant's
Fourth Amendment rights were violated and how and when he was illegally seized. Defendant
has failed to dispute the allegations in the complaint and in additional papers. Furthermore,
defendant does not dispute that the police responded to the complainant's 911 call, defendant's
admissions to police when they arrived, and also do not dispute that the complainant restaurant
owner pointed out defendant in non-police arranged identification procedure when the police
responded.
Furthermore, the People assert that there were no police arranged identification procedures
utilized in this case as the complainant called the police and identified defendant when they
arrived contemporaneously to the incident without police involvement. Defendant is not entitled
to suppression or a hearing as the identification was not police arranged. People v Marte, 52 AD3d 737 (2d
Dept 2008) (in order to suppress a pre-trial ID on the ground that it was suggestive, defendant
must show there was some police involvement in the procedure); People v Coker, 121 AD3d 1305
(3d Dept 2014), lv denied, 26 NY3d 927 (2015) (notice not required and preclusion
denied when witness pointed out defendant absent police involvement when officers arrived).
See also People v Quinney, 305 AD2d 1044 (4th Dept 2003); People v Rumph,
248 AD2d 142 (1st Dept 1998) (hearing denied where the witness called the police and pointed
defendant out to them when they arrived); People v Gillman, 219 AD2d 505 (1st Dept
1995) (hearing denied where the complainant was already in pursuit of defendant when police
arrived and witness identified defendant a short distance away). The mere fact that the People did
serve Criminal Procedure Law (CPL) §710.30 notice on defendant in an abundance of
caution does not transform it into an identification procedure. People v Allen, 162 AD2d
538 (2nd Dept 1990); [*9]People v Twitty, 223 AD2d 744
(2nd Dept 1996). Accordingly, defendant's motion for suppression of identification evidence is
summarily denied. Defendant's additional contentions in this branch are also denied.
VOLUNTARY/INVOLUNTARY STATEMENTS
The branch of defendant's motion for a pre-trial "voluntariness" hearing regarding unnoticed
statements sought to be used solely on cross-examination of the defendant pursuant to CPL
§60.45; CPL §710.20(3); and CPL §710.40(3), is denied, as premature, with
leave to renew if it is determined that such statements exist. The determination as to whether a
statement was properly noticed is left to the sound discretion of the hearing or trial judge.
The branch of defendant's motion for a pre-trial "voluntariness" hearing regarding statements
made by the defendant to civilian(s) is denied. The defendant has not asserted that the defendant
made any voluntary or involuntarily statements pursuant to CPL §60.45. Accordingly, the
defendant's request for a voluntariness hearing is denied.
PRECLUSIONThe branch of defendant's motion to
preclude the offering of any unnoticed statement evidence or unnoticed identification evidence
pursuant to CPL §710.30, is denied as premature as the People have not sought to offer any
such evidence.
PRIOR BAD ACTS OR PRIOR CONVICTIONS
Defendant seeks the preclusion of using defendant's prior bad acts and/or prior convictions at
trial pursuant to People v Molineux, 168 NY 264 (1901), People v Ventimiglia,
52 NY2d 350 (1981), and People v Sandoval, 34 NY2d 371 (1974) on the People's direct
case or upon cross-examination.
Evidence of uncharged crimes is inadmissible where it is offered solely to raise an inference
that a defendant has a criminal propensity. People v. Molineux, 168 NY 264 (1901);
People v Wright, 288 AD2d 409 (2d Dept 2001). Such evidence may be admitted,
however, if it helps to establish a defendant's motive, intent, identity, knowledge, common
scheme or plan, lack of mistake or accident, to complete the narrative of the crime, or provide the
jury with background information. See People v Molineux, 168 NY 264 (1901);
People v Ventimiglia, 52 NY2d 350 (1981); People v Lewis, 69 NY2d 321 (1987);
People v Allweiss, 48 NY2d 40 (1979); People v. Davis, 169 AD2d 774 (2d Dept
1991). In order to use this evidence, the People are required to notify the court and defendant,
prior to jury selection, of their intent to introduce the evidence as part of the case-in-chief and
identify the basis upon which they consider it admissible. People v Ventimiglia, 52 NY2d
350 (1981). Once a showing is made that the evidence is relevant, a trial court may admit the
evidence as long as its probative value outweighs its potential prejudice. People v Hudy,
73 NY2d 40, 54-55 (1988); People v Alvino, 71 NY2d 233, 241-42 (1987). The
permissible scope of such evidence rests largely, if not completely, with the trial court. See
People v Hudy, 73 NY2d 40, 54-55 (1988). Accordingly, defendant's motion as to prior bad
act evidence is deferred to the trial court.
Should he testify, defendant, like any other witness, places his credibility in issue. Although
a witness may not be questioned about an arrest per se, it is a provident exercise of the
Court's discretion to permit cross-examination concerning any immoral, vicious, dishonest and or
criminal act, even if defendant was not formally charged with it. People v Sandoval, 34
NY2d 371, 373 (1974); People v
Rockwell, 18 AD3d 969 (3d Dept 2005); People v Di Bella, 277 AD2d 699 (3d
Dept 2000); People v Connolly, 259 AD2d 1039 (4d Dept 1999); People v
Maiolo, 122 [*10]AD2d 586 (4d Dept 1986); Prince,
Richardson on Evidence, 11th Ed., 6-406. A witness may also be impeached by instances of
conduct demonstrating a "willingness ... to place his self-interest ahead of principle or the
interests of society." People v Walker, 83 NY2d 455, 461—462 (1994).
The People's disclosure obligation is governed by People v Sandoval, 34 NY2d 371
(1974), which directs the People to notify the defendant, prior to the commencement of jury
selection, of the acts which they will seek to use for impeachment purposes. However, it is
defendant who must demonstrate that the prejudicial effect of such evidence so far outweighs its
probative worth that it must be excluded, as it is the defendant who bears the burden of
persuasion. See People v Sandoval, 34 NY2d 371, 378 (1974). The permissible scope of
such impeachment evidence rests largely, if not completely, with the trial court. People v
Gray, 84 NY2d 709, 712 (1995); People v Walker, 83 NY2d 455, 459 (1994).
Accordingly, defendant's motion as to prior convictions is therefore deferred to the trial court.
People v Sandoval, 34 NY2d 371 (1974). 
HEARINGS AND TRIAL
Defendant's motion seeking a bifurcation of hearings and trial so as to allow him the
opportunity to adequately request and review hearing minutes is deferred to the trial court.
RESERVATION OF RIGHTS
Defendant's application for an extension of time to file additional motion is denied subject to
rights under CPL § 255.20(3) to move for further leave upon good cause shown.
OTHER MOTIONS
Defendant's remaining requests are denied as duplicative, premature, moot, unsupported by
the record, or without merit. 
The foregoing constitutes the Opinion, Decision, and Order of the Court.
Dated: March 24, 2026New York, New YorkELIZABETH Y.
SHAMAHS, J.C.C.